UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TIMOTHY E. TRIMBLE, SARAH A. TRIMBLE,

        Plaintiffs,

vs.                              Case No. 2:06-cv-8-FtM-99DNF

FLO UPTON, THERESA SERIO, VIRGINIA GLADICK, TOM SEAMAN, HAROLD S. ESKIN,

        Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on Defendants' Motion to Dismiss and Strike (Doc. #5). *Pro se* plaintiffs filed a Response (Doc. #10), which incorporated a Motion to Strike Defendant's Motion to Dismiss. (Id.)

**I.**

Plaintiffs seek to strike defendants' Motion to Dismiss based on a purported conflict of interest. Plaintiffs assert that the spouse of a state court judge is employed with the same firm as defendant's counsel. (Doc. #10, p. 1-2.) This matter, however, is not before that state court judge. Moreover, plaintiffs initiated the action in federal court, and consequently, the matter has never

been before that state court judge. As such, the Court finds plaintiffs' Motion to Strike should be denied.

## II.

In deciding a motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiffs. Christopher v. Harbury, 536 U.S. 403, 406 (2002). A complaint should not be dismissed unless it appears beyond doubt that plaintiffs can prove no set of facts that would entitle them to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001)(*en banc*). To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint simply must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). However, dismissal is warranted under Fed. R. Civ. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiffs' complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10 (11th Cir. 1992). The Court need not accept unsupported conclusions of law or of mixed law and fact in a complaint. Marsh, 268 F.3d at 1036 n.16. While the federal pleading burden is not great, it nonetheless requires fair notice of the claim and the grounds upon which the claim rests. Dura Pharm., Inc. V. Broudo, 125 S. Ct.

1627, 1634 (2005). The Eleventh Circuit imposes "heightened pleading requirements" for § 1983 cases which involve individuals entitled to assert qualified immunity. Swann v. Southern Health Partners, Inc., 388 F.3d 834 (11th Cir. 2004)(citing Leatherman v. Tarrant County, 507 U.S. 163 (1993)). The heightened pleading standard is not otherwise applicable.

### III.

The Court is able to decipher the following applicable facts. Plaintiffs own real property which qualifies as exempted property under the Florida Homestead Act. Acting as employees of the City of Cape Coral, defendants placed and executed liens on the plaintiffs' real property, collected payment from plaintiffs for unlawful debts arising from the liens, and profited from this activity. Construed liberally, the Complaint appears to allege the following causes of action: (1) defendants' conduct in executing a lien on plaintiffs' property violated (a) the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962, (Count I) and (b) the Civil Rights Act of 1964, 42 U.S.C. § 1983, (Count III); and (2) defendants conspired to discriminate against plaintiffs, in violation of 42 U.S.C. § 1985, (Count II).

### IV.

Defendants assert that dismissal of the Complaint is warranted because plaintiffs failed to adequately state a claim under federal law. Defendants further contend that to the extent that the

"unlawful debt" claim is based on state law, that claim should be dismissed because no such cause of action is recognized under Florida law.

The Court first addresses the "unlawful debt" claim under Count One. In liberally construing Count One, the Court finds that plaintiffs appear to allege a civil RICO claim. To recover on a civil RICO claim, the plaintiffs must prove, first, that § 1962 was violated; second, that they were injured in their business or property; and third, that the § 1962 violation caused the injury. Cox v. Administrator U.S. Steel & Carnegie, 17 F.3d 1386, 1396 (11th Cir. 1994); Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991). Those who violate § 1962 are those who engage in, or aid and abet another to engage in, a pattern of racketeering activity if they also do the following: invest income derived from the pattern of racketeering activity in the operation of an enterprise engaged in interstate commerce (section 1962(a)); acquire or maintain, through the pattern of racketeering activity, any interest in or control over such an enterprise (section 1962(b)); or conduct, or participate in the conduct of, the affairs of such an enterprise through a pattern of racketeering activity (section 1962(c)). Cox, 17 F.3d at 1396. Section 1962(d) makes it a crime to conspire to violate sections 1962(a), (b), or (c). Id.

The Court finds that plaintiffs failed to adequately state a RICO claim under 18 U.S.C. § 1962. Aside from a reference to the statute, plaintiffs provided no factual allegations relating to the

elements of a civil RICO claim under Count One. To the extent that plaintiffs intended to allege a civil RICO claim based on 18 U.S.C. § 1962(d) under Count Two, the Court also finds that plaintiffs failed to sufficiently allege a claim. Thus, the Court concludes that plaintiffs' civil RICO claim under both Count One and Count Two should be dismissed.

To the extent that the Complaint alleges a § 1985 claim under Count Two, defendants argue that plaintiffs failed to adequately state a claim. The Court agrees. To state a § 1985(3) claim, plaintiffs must allege "(1) a conspiracy, (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy, (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." Trawinski v. United Tech., 313 F.3d 1295, 1299 (11th Cir. 2002). The Complaint alleges that plaintiffs suffered injury to their property and that defendants executed a plan together. There are no allegations relating to the other elements for a § 1985(3) claim. The Court finds that plaintiffs do not state a cause of action under 42 U.S.C. § 1985(3).

Defendants contend that plaintiffs fail to adequately plead a § 1983 claim. The Court agrees with defendants.

Title 42 U.S.C. § 1983 imposes liability on any person who, under color of state law, deprives a person "of any rights,

privileges, or immunities secured by the Constitution and laws." To establish a claim under 42 U.S.C. § 1983, plaintiffs must allege and ultimately prove that (1) defendant deprived them of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir.), reh'g and reh'g en banc denied, 277 F.3d 1381 (11th Cir. 2001). In addition, plaintiffs must allege and establish an affirmative causal connection between the defendants' conduct and the constitutional deprivation. Troupe v. Sarasota County, Fla., 419 F.3d 1160, 1165 (11th Cir. 2005); Marsh, 268 F.3d at 1059. "One cannot go into court and claim a 'violation of § 1983' – § 1983 by itself does not protect anyone against anything." Gonzaga Univ. v. Doe, 536 U.S. 273, 285 (2002)(quoting Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 617 (1979)). See also Skinner v. City of Miami, Fla., 62 F.3d 344, 347 (11th Cir. 1995). The Eleventh Circuit imposes "heightened pleading requirements" for section 1983 cases which involve individuals entitled to assert qualified immunity. Swann v. Southern Health Partners, Inc., 388 F.3d 834 (11th Cir. 2004), citing Leatherman v. Tarrant County, 507 U.S. 163 (1993).

Taking all allegations as true, the Court finds that plaintiffs failed to state a cause of action under 42 U.S.C. § 1983. The Complaint alleges that defendants violated plaintiffs'

right to "[enjoy] and [own] property, the pursuit of life and happiness, the right to determine one own way, right to be free from excessive government intrusion into all aspects of private life." (Doc. #1-1, p. 4.) The Complaint further alleges that while acting under color of law, defendants "[injured and deprived] the plaintiff of these inalienable rights." Id. Other than these conclusory allegations, the Complaint contains no factual allegations. These defendants are individuals who are employed with the City of Cape Coral, and the Complaint does not satisfy the heightened pleading requirement. Defendants' Motion to Dismiss the § 1983 claim is granted.

Defendants also moved to strike references to "Menendez" whom the Complaint identifies as a defendant. Having granted the Motion to Dismiss, and providing plaintiffs an opportunity to amend the Complaint, the Court will deny the Motion to Strike as moot.

**V.**

As plaintiffs are proceeding *pro se*, the Court will take this opportunity to explain some of the responsibilities and obligations that they bear as a *pro se* party. The Court finds that plaintiffs should be afforded an opportunity to amend the complaint to properly allege their claims and in doing so plaintiffs should adhere to the following instructions.

In filing an Amended Complaint, plaintiffs must conform to the pleading requirements of Fed. R. Civ. P. 8 and 10 by providing a

short, plain statement regarding the relief sought and using distinct, numbered paragraphs. Plaintiffs also must conform to the heightened pleading requirement in alleging a § 1983 claim against the individual defendants. The document should be entitled "Amended Complaint." Plaintiffs must state what rights under the Constitution, laws, or treaties of the United States have been violated. It is improper for Plaintiffs to merely list constitutional rights or federal rights and/or statutes. Plaintiffs must provide support in the statement of facts for the claimed violations. Further, in the body of the Amended Complaint, Plaintiffs should clearly describe <u>how</u> <u>each</u> <u>named</u> <u>defendant</u> is involved in the alleged claim. Plaintiffs must provide support in the statement of facts for the claimed violations. More than conclusory and vague allegations are required to state a cause of action. Plaintiffs must also state which defendants are being sued for each particular count of the Amended Complaint.

Finally, plaintiffs shall conform with Rule 11 which provides that every pleading, written motion, or other paper shall be signed by the party, if the party is not represented by an attorney. Fed. R. Civ. P. 11(a). The Court notes the record neither reflects that Timothy E. Trimble is a licensed attorney nor that Sarah A. Trimble is legally incompetent. As such, any of plaintiffs' future joint filings shall reflect the signatures of both plaintiffs.

Accordingly, it is now

**ORDERED:**

1. Plaintiffs' Motion to Strike (Doc. #10) is **DENIED**.

2. Defendants' Motion to Dismiss and Strike (Doc. #5) is **GRANTED IN PART AND DENIED IN PART**. The Motion to Dismiss is granted, and the Complaint is dismissed without prejudice. The Motion to Strike is denied as moot.

3. Plaintiffs may file an Amended Complaint within **TWENTY (20) DAYS** of the date of this Opinion and Order in compliance with the instructions in this Opinion and Order. If no Amended Complaint is filed, the Court will close the case.

4. The Clerk shall forward plaintiff a copy of the Step-by-Step Guide to Filing a Civil Action in the United States District Court, Fort Myers Division.

**DONE AND ORDERED** at Fort Myers, Florida, this __18th__ day of August, 2006.

_John E. Steele_
JOHN E. STEELE
United States District Judge

Copies:
Parties of record